UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

*Rhonda L. Adams v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*      No. 3:11-cv-12309-DRH-PMF

*Jennifer Alday v. Bayer Corp., et al.*     No. 3:11-cv-12382-DRH-PMF

*Suzanne K. Aydlotte v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12004-DRH-PMF

*Amy Baechel v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12084-DRH-PMF

*Constance L. Bauer and Neil Goulden v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-11999-DRH-PMF

*Jennifer S. Bessinger v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12762-DRH-PMF

*Angelia C. Biddix and Wayne Whetsel v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12089-DRH-PMF

*Heather Bishop, et al. v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-10942-DRH-PMF[1]

*Victoria Brown v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12159-DRH-PMF

*Karen Burrell v.*  
*Bayer HealthCare Pharmaceuticals, Inc., et al.*     No. 3:11-cv-12003-DRH-PMF

---

[1]  This order applies only to plaintiff Heather Bishop.

| | |
|---|---|
| *Serena Cisneros v.* | No. 3:11-cv-11962-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Michelle Coghill v.* | No. 3:11-cv-12144-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Sharon N. Connors v.* | No. 3:11-cv-12201-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Chala S. Crawford v.* | No. 3:11-cv-12780-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Maria A. DiGuglielmo v.* | No. 3:11-cv-12636-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals., et al.* | |
| | |
| *Nora Dimas v.* | No. 3:11-cv-12124-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Kimberly Franklin v.* | No. 3:11-cv-11948-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Cyndel L. and Raymundo Galindo v.* | No. 3:11-cv-12237-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Charlie Sue Goshay, et al. v.* | No. 3:11-cv-12563-DRH-PMF[2] |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Jennifer Inman v.* | No. 3:11-cv-12278-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Michelle Kravetz v.* | No. 3:11-cv-12277-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Ginger K. Lewis v. Bayer Corp., et al.* | No. 3:11-cv-12515-DRH-PMF |
| | |
| *Maureen Lyman v.* | No. 3:11-cv-12584-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |
| | |
| *Chelsea D. Masongsong v.* | No. 3:11-cv-12635-DRH-PMF |
| *Bayer HealthCare Pharmaceuticals, Inc., et al.* | |

---

[2] This order applies only to plaintiff Victoria Denton.

| | |
|---|---|
| *Rebecca Massey v. Bayer Corp., et al.* | No. 3:11-cv-12416-DRH-PMF |
| *Tamara Morris v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-13690-DRH-PMF |
| *Holly Newton v. Bayer Corp., et al.* | No. 3:11-cv-12926-DRH-PMF |
| *Diana Olliges v. Bayer Corp., et al.* | No. 3:11-cv-12315-DRH-PMF |
| *Kimberly Oslin, et al. v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12580-DRH-PMF[3] |
| *Angela Pupello v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12200-DRH-PMF |
| *Peter Rashke, as Administrator of the Estate of Susan J. Minha, Deceased v. Bayer Corp., et al.* | No. 3:11-cv-11492-DRH-PMF |
| *Melissa and Colin Rawn v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12091-DRH-PMF |
| *Marybeth Rivera v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11963-DRH-PMF |
| *Patricia Rotundo v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11947-DRH-PMF |
| *Jenna Ruth v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11998-DRH-PMF |
| *Beatrice Santinga v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-12087-DRH-PMF |
| *Mariah Smith v. Bayer Corp., et al.* | No. 3:11-cv-12267-DRH-PMF |
| *Bernadette M. Veal v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11942-DRH-PMF |
| *Alice Vidal v.* <br> *Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:11-cv-11945-DRH-PMF |

---

[3] This order applies only to plaintiff Kimberly Oslin.

*Larhonda Walker v.*  No. 3:11-cv-12141-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

*Kristy Weilbrenner v. Bayer Corp., et al.*  No. 3:11-cv-12654-DRH-PMF

*Sharmon D. and Dwayne Young v.*  No. 3:11-cv-12126-DRH-PMF
*Bayer HealthCare Pharmaceuticals, Inc., et al.*

## ORDER OF DISMISSAL WITHOUT PREJUDICE
### (Failure to Comply with PFS Obligations)

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[4] for an Order dismissing plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[5]

---

[4] **Error! Main Document Only.** The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[5] Bayer's motion to dismiss also sought dismissal of the following member actions: (1) *Janie M. Brandon and Jamall Heard v. Bayer Corp., et al.* No. 3:11-cv-12656-DRH-PMF; (2) *Ginger A. and John Casebeer v. Bayer Corp., et al* No. 3:11-cv-12419-DRH-PMF; (3) *Katie Chor, et. al. v. Bayer HealthCare Pharmaceuticals, Inc., et al* No. 3:11-cv-12891-DRH-PMF (as to plaintiff April Christmas only); (4) *Jessica Marie Dively v. Bayer Pharmaceuticals Corp., et al.* No. 3:11-cv-12644-DRH-PMF; (5) *Jennifer Kelley v. Bayer Corp., et al.* No. 3:11-cv-12264-DRH-PMF; (6) *Whitney Wells Kester v. Bayer Corp., et al.* No. 3:11-cv-12412-DRH-PMF; (7) *Kristin Marie Kightlinger v. Bayer Pharmaceuticals Corp., et al.* No. 3:11-cv-12289-DRH-PMF; (8) *Lindsey A. King v. Bayer Corp., et al.* No. 3:11-cv-12653-DRH-PMF; (9) *Michelle Reid v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-12581-DRH-PMF; (10) *Thelma Schwarz v. Bayer Corp., et al.* No. 3:10-cv-13694-DRH-PMF; (11) *Andrea L. Shepherd v. Bayer Corp., et al.* No. 3:11-cv-12427-DRH-PMF; (12) *Holly A. Smith v. Bayer Corp., et al.* No. 3:11-cv-12411-DRH-PMF; (13) *Barbara Willimann-Colley, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-12543-DRH-PMF (as to plaintiff Esmeralda Hernandez-Juni only). The subject plaintiffs in these actions subsequently complied with their PFS obligations and/or Bayer withdrew its motions to dismiss. Accordingly, as to these member actions the motion to dismiss is moot. Bayer's motion also sought dismissal of the following member actions: (1) *Laura Monarrez v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-12528-DRH-PMF and (2) *Holly M. Tackett v. Bayer HealthCare*

Under Section C of CMO 12, each plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFS materials on or before February 27, 2012 (*See e.g., Adams* Doc. 6-1).[6] Per Section E of CMO 12, Notice of Overdue Discovery was sent on or before March 26, 2012. (*See e.g., Adams* Doc. 6-2).[7] As of the filing of this motion, Bayer reports that it still had not received completed PFS materials from the Plaintiffs in the above-captioned matters.[8] As of today's date, the plaintiffs in

---

*Pharmaceuticals, Inc., et al.* No. 3:11-cv-12761-DRH-PMF. The parties, however, subsequently filed a stipulation of dismissal in these member actions. Accordingly, pursuant to the stipulations of dismissal, the motions to dismiss are now moot.

[6] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Adams v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. 3:11-cv-12309-DRH-PMF (Docs 6, 6-1, & 6-2).

[7] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

[8] Bayer states that it received some medical records for plaintiff Jennifer Kelley (Case No. 3:11-cv-12264) on March 23, 2012, but reports that it has not received her PFS or other required disclosures. Likewise, Bayer reports that it received some medical record for plaintiff Holly Newton (Case No. 3:11-cv-12926) on March 7, 2012, but it has not received her PFS or other required disclosures.

5

the above captioned matters are more than three months late in completing their PFS requirements.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from April 25, 2012, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[9]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. **Accordingly, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the**

---

[9] Responses to Bayer's motion to dismiss were due 14 days from April 25, 2012 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that <u>**when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**</u>. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

**Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

In accordance with this order of dismissal without prejudice, the Court instructs the Clerk of the Court to terminate the claims of the following plaintiffs:

In member action *Heather Bishop, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al* No. **3:11-cv-10942**-DRH-PMF
- The claims of plaintiff **Heather Bishop** are dismissed without prejudice and subject to termination.
.

In member action *Charlie Sue Goshay, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al* No. **3:11-cv-12563**-DRH-PMF
- The claims of plaintiff **Victoria Denton** are dismissed without prejudice and subject to termination.

In member action *Kimberly Oslin, et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.* No. **3:11-cv-12580**-DRH-PMF
- The claims of plaintiff **Kimberly Oslin** are dismissed without prejudice and subject to termination.

Further, in accordance with this order of dismissal without prejudice, the Court instructs the Clerk of the Court to close the remaining member actions.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2012.06.05 15:40:04 -05'00'

**Chief Judge**  **United States District Court**                    **Date: June 5, 2012**

7